Ting JI, Plaintiff,

v.

BOSE CORPORATION and White Packert, Inc., Defendants.

Civil Action No. 06–10946–NMG.

United States District Court, D. Massachusetts.

Aug. 12, 2009.

---

David K. Friedland, Jaime S. Rich, Mark E. Stein, Lott & Friedland, P.A., Coral Gables, FL, Diane A.D. Noel, Mark Schonfeld, Burns & Levinson LLP, Boston, MA, for Plaintiff.

Juanita R. Brooks, Fish & Richardson P.C., San Diego, CA, Stephen A. Marshall, Christina McDonough, Fish & Richardson, P.C., Mark D. Robins, Nixon Peabody, LLP, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiff in this case, after having obtained a $10,000 jury verdict, now seeks to recover additional damages pursuant to the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

### I. Background

This is a case brought by plaintiff Ting Ji ("Ji"), a model whose photographs were taken by defendant White Packert ("White") and purchased by defendant Bose Corporation ("Bose") for use in ad-

vertising its products (including packaging, point-of-purchase displays, CDs, websites and brochures). Bose had requested that White acquire full rights to, i.e. a "total buyout" of, Ji's image in those photographs. At the time of the photo-shoot, White presented Ji with a release, which she signed, providing it with the right to use the photographs "without restriction" and "for any purpose whatsoever" but Ji testified that she believed her image was going to be used only for in-house purposes at Bose for one year. She also claimed that she would not have agreed to do the photo-shoot for $1,000 (the amount she was paid) if she had known how Bose was going to use her image.

Ji filed numerous claims against both parties, including claims pursuant to Chapter 93A. In response, and in an apparent effort to cover its losses, Bose filed a third-party complaint against White alleging that, if Bose were found liable to Ji, White 1) breached its contract with Bose by failing to deliver to Bose a total buyout of Ji's rights to her image in the photographs and 2) negligently misrepresented to Bose that it had provided such a total buyout when it transferred the photographs to Bose.

In September, 2008, after a four-day jury trial, the jury returned a verdict finding that 1) Bose violated Ji's right to publicity or invaded her privacy, 2) White breached its contract with Bose and 3) White negligently misrepresented the rights it sold to Bose with respect to Ji's photographs. The jury awarded Ji $10,000 in damages.

The Court reserved ruling on Ji's Chapter 93A claims until after the trial. The parties have since submitted memoranda and proposed findings of fact and rulings of law with respect to those claims. The Court addresses them as follows.

## II. *Legal Analysis*

### A. Legal Standard

Chapter 93A proscribes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 2. Section 11 of that statute provides a cause of action to persons who are engaged in business and suffer a loss as a result of any such unfair practices.

■ A practice is "unfair" if it is within the penumbra of some common-law, statutory, or other established concept of unfairness; is immoral, unethical, oppressive, or unscrupulous; and causes substantial injury to other businessmen.

*Linkage Corp. v. Trustees of Boston Univ.,* 425 Mass. 1, 679 N.E.2d 191, 209 (1997) (citation and internal brackets and ellipses omitted). Furthermore, it must reach "a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Brandon Assocs., LLC v. FailSafe Air Safety Sys. Corp.,* 384 F.Supp.2d 442, 446 (D.Mass.2005) (citation omitted).

### B. Application

Ji contends that her rights under Chapter 93A were violated in three ways: 1) by Bose and White's failure to disclose to her how Bose intended to use her image, 2) by Bose's misappropriation of her image without her consent for its own financial gain and 3) by Bose's violation of her privacy by misappropriating her image. Ji further argues that White unfairly coerced her to sign the release of her rights in violation of Chapter 93A.

#### 1. White

■ White responds persuasively that it did not deceive Ji because it presented her with a release (which she admittedly read) that explicitly reserved the right to use Ji's

photographs "without restriction" and "for any purpose whatsoever." Despite Ji's belief that her image would be used only in-house at Bose for one year and despite the fact that White did not disclose the specific ways in which Bose intended to use Ji's image, the release unambiguously put Ji on notice that Bose could use her image to advertise and sell its product as it did or in any other way.

With respect to Ji's claim of coercion, White points out that, although Ji testified that an agent of White informed her that she had to sign the release or else she would not receive compensation for the photo-shoot, Ji admitted on cross-examination that, in fact, she did not recall being told anything other than "Here's a release, sign it." Accordingly, White's conduct did not reach the requisite level of "rascality" to constitute a Chapter 93A violation.

### 2. Bose

■ In response to Ji's arguments pursuant to Chapter 93A, Bose asserts that 1) it had a contract with White for a total buyout of Ji's image, 2) White represented that it had acquired full rights to Ji's image and 3) Bose reasonably relied on that representation in using Ji's image in the way that it did. Indeed, per this Court's instructions, the jury specifically had to find those facts in order to hold White liable, as it did, for breach of contract and negligent misrepresentation. Thus, Bose in no way acted immorally, unethically, oppressively or unscrupulously in using Ji's image and cannot be found to have violated Chapter 93A.

### ORDER

In accordance with the foregoing, with respect to the plaintiff's claims pursuant to M.G.L. c. 93A (Counts IV and V of the First Amended Complaint), judgment is entered in favor of the defendants.

**So ordered.**